UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LESLIE ANN CHISSIE,

      Plaintiff,

  v.

WINCO FOODS, LLC; JOEL CLARK, and DOES 1 through 25, inclusive,

      Defendants.

No. 2:09-cv-02915-MCE-KJM

MEMORANDUM AND ORDER

----oo0oo----

Plaintiff Leslie Ann Chissie ("Plaintiff") moves to remand this removed action back to the Superior Court of the State of California in and for the County of Sutter, where her lawsuit was originally instituted.[1] For the reasons set forth below, Plaintiff's Motion will be denied.

///
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter was deemed suitable for decision without oral argument. Local Rule 230(g).

1

# BACKGROUND[2]

Plaintiff began working at WinCo Foods, LLC ("WinCo") on December 17, 1996 in the Bakery Department. On September 17, 2008, Plaintiff was terminated by Defendant Joel Clark for "gross misconduct." According to Plaintiff, she was fired in retaliation for filing a complaint with WinCo's human resources department alleging sexual harassment and age discrimination. On September 25, 2008, Plaintiff filed a claim with the California Department of Fair Employment and Housing ("DFEH"). In her DFEH claim, Plaintiff alleged sexual harassment, age discrimination, and retaliation. On October 9, 2008 the DFEH issued a right to sue notice which permitted Plaintiff to file a lawsuit.

On October 23, 2008, after making the above-described claims, Plaintiff was reinstated to her supervisorial position in the Bakery Department. On November 1, 2008, however, Plaintiff alleges that she was retaliated against when she was demoted to a clerk position and later suspended. She asserts that the retaliation stemmed from her use of the grievance procedure and for filing the DFEH claim. On November 13, 2008 Plaintiff was terminated. Defendants assert that Plaintiff voluntarily quit.

On August 18, 2009, Plaintiff filed suit in state court against WinCo and Joel Clark (collectively "Defendants") alleging multiple causes of action. Defendants removed the action to federal court alleging that the action was pre-empted by § 301 of the Labor-Management Relations Act.

---

[2] The factual assertions in this section are based on the allegations in Plaintiff's Complaint unless otherwise specified.

2

**STANDARD**

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Generally, district courts have original jurisdiction over civil actions in two instances: (1) where there is complete diversity between the parties, or (2) where a federal question is presented in an action arising under the Constitution, federal law, or treaty. 28 U.S.C. §§ 1331 and 1332.

The removing party bears the burden of establishing federal jurisdiction. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). Furthermore, courts construe the removal statute strictly against removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). If there is any doubt as to the right of removal in the first instance, remand must be granted. See Gaus, 980 F.2d at 566. Therefore, if it appears before final judgment that a district court lacks subject matter jurisdiction, the case shall be remanded to state court. 28 U.S.C. § 1447(c).

The district court determines whether removal is proper by first determining whether a federal question exists on the face of the plaintiff's well-pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). If a complaint alleges only state-law claims and lacks a federal question on its face, then the federal court must grant the motion to remand. See 28 U.S.C. § 1447(c); Caterpillar, 482 U.S. at 392.

///

Nonetheless, there are rare exceptions when a well-pleaded state-law cause of action will be deemed to arise under federal law and support removal. They are "...(1) where federal law completely preempts state law, (2) where the claim is necessarily federal in character, or (3) where the right to relief depends on the resolution of a substantial, disputed federal question." ARCO Envtl. Remediation L.L.C. v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1114 (9th Cir. 2000) (internal citations omitted).

If the district court determines that removal was improper, then the court may also award the plaintiff costs and attorney fees accrued in response to the defendant's removal. 28 U.S.C. § 1447(c). The court has broad discretion to award costs and fees whenever it finds that removal was wrong as a matter of law. Balcorta v. Twentieth-Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

## ANALYSIS

**A.    Defendants Filed a Timely Notice of Removal.**

Plaintiff alleges that the Defendants failed to file a timely notice of removal. She asserts that an agreement existed between the parties that "service was effected and completed upon hand delivery of the summons and complaint" to defense counsel. Pl.'s Mem. in Supp. of Pl.'s Mot. to Remand 4:27-28. Defendants counter that "no agreement existed between the parties that service was complete the day plaintiff delivered a copy of the Summons and Complaint." Defs.' Opp. to Pl.'s Mot. to Remand. 10:27-28.

Pursuant to 28 U.S.C. § 1446(b), "notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." The 30-day removal period does not commence until proper service of the summons and complaint under applicable state law. See <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 354 (1999). Under California law, "service...is deemed complete on the date written acknowledgment or receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." Code of Civ. Proc. § 415.30(c).

Here, the Plaintiff personally delivered a copy of the summons and complaint to Defendants' counsel on September 3, 2009. Plaintiff also included a Notice and Acknowledgment of Receipt, which Defendants executed on September 23, 2009. Therefore, in accordance with the Notice and Acknowledgment, the deadline for filing a Notice of Removal was October 23, 2009. Defendants filed their Notice of Removal action on October 20, 2009. Thus, the Notice of Removal was timely.

It is not the role of the Courts to interpret whether an alleged agreement between the plaintiff and defendants' counsel existed. "We will not inquire into the subjective knowledge of the defendant, an inquiry that would generate a mini-trial regarding who knew what when." <u>Harris v. Bankers Life and Cas. Co.</u>, 425 F.3d 689, 694 (9th Cir. 2005). At most, the parties have submitted conflicting declarations to the court with respect to their intentions.

Under those circumstances, the Court will look to the actual papers exchanged between the parties to determine the timeliness of removal. The Court's determination on service cannot hinge on a disputed telephonic agreement between the parties. On the basis of the contemporaneous written documentation, the Defendants filed a timely Notice of Removal after they accepted service through Notice and Acknowledgment of Receipt.

### B. The Court Has Subject Matter Jurisdiction Pursuant to § 301 of the Labor-Management Relations Act ("LMRA").

Plaintiff alleges that the LMRA does not apply because "there is no interpretation of the collective bargaining agreement needed to decide the issues in this case." Pl.'s Mot., 2:10-12. Defendants contend that "plaintiff's contract claims are preempted by § 301 [of the Labor Management Relations Act, 29 U.S.C. § 185] because the claims cannot be resolved without interpreting the terms of the collective bargaining agreement ("CBA")." Defs.' Opp'n, 5:12-14.

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 where there is a federal question presented. Accordingly, "any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a).

"It is by now well established that § 301 preempts state law claims which are founded on rights created by a collective bargaining agreement." <u>Cramer v. Consolidated Freightways, Inc.</u>, 209 F.3d 1122, 1129 (9th Cir. 2000).

"Section 301 preempts state law claims which are substantially dependent on analysis of a collective bargaining agreement." Stikes v. Chevron U.S.A.,Inc., 914 F.2d 1265, 1268 (9th Cir. 1990) (citing Caterpillar v. Williams, 482 U.S. at 394).

"Employees covered by a collective bargaining agreement may assert legal rights 'independent' of the agreement." Cramer, 209 F.3d at 1128 (citing Caterpillar, 482 U.S. at 396). "Independent means that resolution of the state-law claim does not require construing the collective bargaining agreement." Id. (citing Lingle v. Norge Div. Of Magic Chef, Inc., 486 U.S. 399, 407 (1988). "So long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes." Lingle, 486 U.S. 409-410.

Plaintiff argues that her claims in this matter will not involve any "interpretation" of the CBA. The Court, however, will undoubtably need to interpret and construe the CBA to ascertain the parties' expectations both in terms of the conditions of employment and the nature and extent of any necessary discipline. "When a working condition...is subject to bargaining, and the employee's claim is rooted in the expectations of the parties, determining liability will necessarily involve contract interpretation and the claim will be preempted." Schlacter-Jones v. General Telephone of California, 936 F.2d 435, 441 (9th Cir. 1991). Here, Plaintiff states that "the defendants failed to adhere to the collective bargaining agreement." Pl.'s Mem. in Supp. of Pl.'s Mot. to Remand 8:27-28.
///

In order for the Court to adjudicate the merits of that argument, it will necessarily have to interpret and construe the agreement. Plaintiff claims, for example, that she was entitled to a grievance committee hearing. The Court will need to analyze the terms of the CBA to discover whether such a hearing was warranted.

Adjudication of Plaintiff's various state law claims hinges largely on the reasonableness of the Defendants' actions towards the Plaintiff. Such reasonableness, in turn, may depend on the extent to which Defendants abided by the terms of the CBA. Therefore, Plaintiff's state law claims are preempted by the LMRA and this Court has jurisdiction.

### C. Classification as a "Supervisor" Does Not Preclude the Court from Exercising Jurisdiction.

Plaintiff asserts that she is a "supervisor" and that under the National Labor Relations Act ("NLRA") the court lacks jurisdiction over such individuals. Defendants counter that argument by pointing out that removal was effectuated through the LMRA. Under the LMRA, it is uncontroverted that a supervisor may be a labor union member subject to the jurisdiction of this Court.

Plaintiff, as a supervisor, could have and did participate in a labor organization. Section 14(a) of the LMRA states in pertinent part that "nothing herein shall prohibit an individual employed as a supervisor from becoming or remaining a member of a labor organization." 29 U.S.C. § 164(a). Plaintiff does not try to argue that she remains outside the scope of LMRA jurisdiction.

8

Rather, she concedes that she is a member of a collective bargaining unit, admitting that "[a]s Bakery Manager, [she] became entitled to membership in and association with the WinCo #26 Department Manager Hourly Employee Association ("DMHEA"), which worked for the benefit of the employees at WinCo #26." Compl. ¶ 9.

DMHEA qualifies as a labor organization under LMRA. Under 29 U.S.C. § 152(5) of the LMRA, a labor organization is "any organization of any kind, or any agency or employee representation committee or plan, in which employees participate and which exist for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, and conditions of work." According to the Plaintiff, the "DMHEA and WinCo negotiated the terms of employment for each of the positions at WinCo #26 and crafted a contract which memorialized the negotiations." Compl. ¶ 10.

Additionally, as pointed out by Defendants, Plaintiff did not always serve in the role of a supervisor. As part of her retaliation claim, she states she was demoted to the position of a cashier/clerk. Either way, whether a supervisor or not, Plaintiff's employment status does not defeat federal jurisdiction in this case.

///
///
///
///
///

**D.  Defendants Did Not Waive Their Right to Remove.**

Citing Defendants' objection to a scheduled deposition, Plaintiff alleges that "defendants waived their right to removal when they sought affirmative relief from the California Code of Civil Procedure by objecting to the Notice of Deposition." Pl.'s Mem. in Supp. of Pl.'s Mot. to Remand 12:17-20.  Defendants counter that their actions do not demonstrate the requisite intent for waiver of the right to remove.

"A party, generally the defendant, may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230 (9th Cir. 1994). "A waiver of the right of removal must be clear and unequivocal." Id. (quoting Beighley v. FDIC, 868 F.2d at 776, 782 (5th Cir. 1989)).  "The right of removal is not lost by action in state court short of proceeding to an adjudication on the merits." Id.

By this standard, Defendants' objection to a deposition pursuant to California Code of Civil Procedure § 2025.210(b), cannot amount to a waiver of their right to remove.  On October 2, 2009, Plaintiff noticed the deposition of Joel Clark. In response, the Defendants served notice of objection on October 16, 2009, four days before filing their notice of removal.

///

///

Although the objection may not have been required, it in no way demonstrates a "clear and unequivocal" intent by Defendants to litigate in state court or to waive the right to remove this matter to federal court.

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion to Remand (Docket No. 9) is DENIED.

IT IS SO ORDERED.

Dated: February 11, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE