1  SEYFARTH SHAW LLP
   Jason T. Cooksey (State Bar No. 208748)
2  Kristina M. Launey (State Bar No. 221335)
   Jasmine L. Anderson (State Bar No. 252973)
3  400 Capitol Mall, Suite 2350
   Sacramento, California 95814-4428
4  Telephone: (916) 448-0159
   Facsimile: (916) 558-4839

Attorneys for Defendants
WINCO FOODS, LLC and JOEL CLARK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| LESLIE ANN CHISSIE, | ) | Case No. 2:09-CV-02915-MCE-EFB |
|---|---|---|
| Plaintiff, | ) ) ) | **ORDER GRANTING DEFENDANTS'** ***EX PARTE*** **APPLICATION FOR AN ORDER MODIFYING THE COURT'S PRETRIAL SCHEDULING ORDER AND COMPELLING AN INDEPENDENT MEDICAL EXAMINATION** |
| v. | ) ) | |
| WINCO FOODS, LLC; JOEL CLARK, and DOES 1 through 25, Inclusive, | ) ) ) | |
| Defendants. | ) ) ) | ***Ex Parte*** **Application Filed Concurrently Herewith** |

Defendants WinCo Foods, LLC's and Joel Clark applied, *ex parte*, for an Order Modifying The Court's Pretrial Scheduling Order And Compelling An Independent Medical Examination. Having reviewed the papers submitted in support of and in opposition to defendants' Application, and the authorities and argument of counsel thereon, and good cause appearing therefore,

      1.     Defendants' *Ex Parte* Application For An Order Modifying The Court's Pretrial Scheduling Order And Compelling An Independent Medical Examination is **GRANTED** as follows:

///

///

///

1

1  A. Plaintiff Leslie Ann Chissie is ordered to submit to an Independent
2  Medical Examination relating to her mental condition. The examination will take place by
3  **August 4, 2011** and shall be completed within one day. Defendants will be allowed until
4  **August 11, 2011** to file their rebuttal expert witness disclosures. The examination will take
5  place at a place in Sacramento County that is mutually agreeable to the parties, and will start at a
6  time mutually agreeable between the parties.

7  B The mental examination will be conducted by Dr. Ronald Roberts, Ph.D,
8  ABPP, of Forensic Psychiatric Associates Medical Corporation.

9  C. The examination of Plaintiff will consist only of the following diagnostic
10 tests to assess the extent of plaintiff's emotional damages and the causes of any emotional
11 damages: Minnesota Multiphasic Personality Inventor-2 (MMPI-2); Wahler Physical Symptoms
12 Inventory Rorschach Inkblot Test Thematic Apperception Test (TAT); and Personality
13 Assessment Inventory (PAI). If Dr. Roberts determines that any further examination is
14 necessary, he will contact defense counsel to inform defense counsel of the test, the scope of the
15 test, and the need of the test. Defense counsel will meet and confer with plaintiff's counsel
16 regarding any proposed additional testing.

17 D. The mental examination shall also consist of an oral interview session
18 involving questions and answers to further assess the extent of plaintiff's emotional damages,
19 and the causes of any emotional damages.

20 E. Neither plaintiff's nor defendants' counsel shall attend the mental
21 examination.

22 F. Plaintiff is not to be questioned concerning her conversations with her
23 counsel, Charleton Pearse, nor any person affiliated with his counsel or his counsel's office,
24 including but not limited to Lenahan, Lee, Slater & Pearse, LLP.

25 G. Plaintiff shall be entitled to take reasonable breaks during the examination
26 process, including, but not limited to a lunch break, rest breaks and bathroom breaks.
27 ///
28 ///

      H.     The tests taken by plaintiff as part of the mental examination, along with any notes and/or written reports and/or records maintained in any format, including electronic data, by the examiner are confidential medical records relating to plaintiff's mental health. These records are confidential and shall not be subject to distribution (without the written authorization of Plaintiff) to anyone except counsel for defendants and defendants, who shall treat these documents as confidential and subject to a protective order. Said records may be used by defense counsel in preparation for trial, in trial and in other proceedings in this matter, but for no other purpose. Defense counsel may not give these records to anyone except members of its law firm, and defendants to the degree necessary to assist in its defense of this litigation. Any such records filed with the Court must be labeled "confidential." At the conclusion of the litigation in this matter, whether by way of settlement or final judgment, counsel for defendants shall destroy all copies of plaintiff's mental health records in their possession, custody and control and provide plaintiff's counsel with a certificate of destruction within 60 days of the conclusion of the litigation. The medical examiner will be permitted to retain records per local State and federal law, but will not disseminate the report without consent of plaintiff.

    2.     All depositions of any and all expert witnesses shall be completed by **August 19, 2011**.

**IT IS SO ORDERED:**

DATE: July 29, 2011

                                  MORRISON C. ENGLAND, JR.
                                  UNITED STATES DISTRICT JUDGE